UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY VAN DURMEN,

        Petitioner,                          Hon. Wendell A. Miles

v.                                                Case No. 4:02-CV-184

KURT JONES,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Van Durmen's petition for writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the Court recommends that Van Durmen's petition be **dismissed**.

## BACKGROUND

On July 16, 1987, Petitioner was convicted of two counts of first degree murder and one count of armed robbery, for which he was sentenced to life in prison.[1] Petitioner timely requested the appointment of appellate counsel and on October 9, 1987, James Jesse was appointed to represent Petitioner. On December 3, 1987, Jesse filed in the trial court motions seeking a new trial and re-

---

[1] Respondent has submitted no meaningful Rule 5 material in this matter. The Court's recitation of the relevant facts is taken from Respondent's brief in opposition. (Dkt. #24). Petitioner has indicated that he "accepts and stipulates to those facts as set forth in Respondent's Answer in Opposition to Application for Writ of Habeas Corpus." (Dkt. #32).

sentencing. No action was taken on Petitioner's motions and Petitioner did not file an appeal in the Michigan Court of Appeals.

In 1990, Terrence Flanagan, Deputy Administrator of the Michigan Appellate Assigned Counsel System (MAACS), began investigating complaints made by several of Mr. Jesse's clients. On August 15, 1991, MAACS issued a formal finding in support of the involuntary removal of Mr. Jesse from the appellate counsel roster for his mishandling of several matters, including Petitioner's appeal. Mr. Jesse did not contest this finding and he was removed from the MAACS roster on September 16, 1991. Mr. Flanagan then contacted Petitioner to inquire whether he wanted MAACS to appoint new counsel to represent him. Satisfied with Mr. Jesse's assurances that he would attend to his matter, Petitioner declined the offer of substitute counsel.

Despite Mr. Jesse's failure to take any action on his behalf, Petitioner waited more than six years before taking any action. Petitioner eventually wrote to Mr. Flanagan requesting the appointment of substitute counsel. However, following assurances from Mr. Jesse that he would attend to his matter, Petitioner contacted Mr. Flanagan to withdraw his request for substitute counsel. Not surprisingly, Mr. Jesse again failed to take any action on Petitioner's behalf. On February 23, 1998, Petitioner again requested the appointment of substitute appellate counsel.

On April 27, 1998, the State Appellate Defender's Office (SADO) was appointed to represent Petitioner on appeal. In 2001, SADO filed in the trial court a supplemental motion for new trial. SADO did not, however, file an appeal (or any other pleading) with the Michigan Court of Appeals. As of March 28, 2003, the date on which Respondent submitted his answer in this matter, this was the last action taken in the state courts on behalf of Petitioner. On September 21, 2005, Petitioner filed a motion for summary judgment asserting that still no action had been taken by the state courts with

respect to his motion for new trial. Respondent has neither responded to Petitioner's motion nor otherwise indicated that action has been taken on Petitioner's motion for new trial.

In his petition, Van Durmen states that he is not seeking the invalidation of his conviction, but instead is asking the Court to resolve his claim "that the inordinate delay on appeal itself violates his constitutional rights." Respondent asserts that Van Durmen's petition must be dismissed for failure to exhaust administrative remedies. As discussed below, to the extent that Petitioner seeks the adjudication of any substantive claim implicating the validity of his conviction any such claim must be dismissed for failure to exhaust. To the extent that Petitioner seeks relief based on the alleged delay in resolving his appeal in the state courts, the Court concludes that Petitioner is not entitled to relief.

**I.        Exhaustion**

Before seeking habeas relief in the federal courts, Petitioner must first exhaust in the state courts those claims upon which habeas relief is sought. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1). Exhaustion requires that Petitioner provide the "highest court in the state" a "full and fair opportunity" to pass upon his claim that his federal rights have been violated. *Rust v. Zent* 17 F.3d 155, 160 (6th Cir. 1994); *see also*, *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (petitioners must "fairly present" their federal habeas claims to the state courts).

The exhaustion requirement does not apply, however, where there "is an absence of available State corrective process" or if "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b). Courts have further recognized that the exhaustion requirement should be disregarded "where further action in state court would be an exercise

in futility." *Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir. 2005). These exceptions to the exhaustion requirement are inapplicable in the present matter.

Following his conviction, Petitioner filed in the trial court a motion for new trial. However, Petitioner has *never* filed an appeal of his conviction in the Michigan Court of Appeals. The Michigan Court Rules do not require Petitioner to wait until resolution of his motion for new trial to file an appeal of his criminal conviction. In other words, Petitioner always had the ability to file an appeal in the Michigan Court of Appeals. Furthermore, as Respondent correctly notes, because the trial court has never ruled on Petitioner's motion for new trial, the period for filing a timely appeal has not run. *See* Michigan Court Rule 7.204(A)(2)(d). It must also be noted that Petitioner has *never* sought the assistance of the Michigan Court of Appeals or the Michigan Supreme Court (e.g., by filing a motion for mandamus or superintending control) in an attempt to obtain resolution of his motion for new trial.

Accordingly, there is not "an absence of available State corrective process" in this matter. Furthermore, because Petitioner has never made any attempt to avail himself of the various avenues of relief available in the state courts of Michigan he cannot establish that there exist circumstances which would render any attempts at exhaustion futile or ineffective. In sum, while the Court empathizes with Petitioner's plight, much of the delay is attributable to Petitioner's failure to assert his rights. The Court concludes, therefore, that to the extent that Petitioner seeks to have the Court resolve any substantive claim implicating the validity of his conviction any such claim must be dismissed for failure to exhaust.

**II.       Due Process**

As previously noted, Petitioner seeks relief on the ground that his due process rights have been violated by the trial court's failure to rule on the merits of his motion for new trial.

In *United States v. Smith*, 94 F.3d 204 (6th Cir. 1996), the court concluded that where a state "has created appellate courts as an integral part of its criminal justice system," the due process clause protects against undue delay in the appellate process. *Id.* at 206-07. The court determined that claims such as that advanced by Petitioner are to be analyzed by reference to the factors announced by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972), applicable to analyzing claims of the denial of the right to a speedy trial. Application of these factors results in the conclusion that Petitioner's due process rights have not been violated in this matter.

The first factor is the length of delay. As the *Smith* court indicated, unless there exists "a period of delay that appears, on its face, to be unreasonable under the circumstances," it is unnecessary to examine the remaining factors. *Id.* at 208-09. As this factor is easily satisfied in this matter, the Court must examine the remaining three factors: (a) reason for the delay, (b) Petitioner's assertion of his rights, and (c) prejudice.

While the delay in resolving Petitioner's motion for new trial is attributable to the trial court, the delay in obtaining appellate review of his conviction is largely attributable to Petitioner, as he failed to ever file an appeal of his conviction. Thus, it cannot be said that Petitioner has undertaken much effort to assert his rights in this matter. As the *Smith* court observed, defendants must assert the right to a speedy appeal if they want to take advantage of such right. *Id.* at 210. As the *Smith* court further noted, a defendant's assertion of his right to a speedy appeal is "entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." *Id.* at 210 (citing *Barker*, 407 U.S. at 528, 521-32). Finally, Petitioner has not demonstrated that his ability to secure a meaningful appeal in this matter has been impaired by the delay. Accordingly, while the Court empathizes with

Petitioner's plight, it nonetheless concludes that Petitioner has not suffered a denial of his right to a speedy appeal in this matter and is, therefore, not entitled to relief.

## CONCLUSION

For the reasons articulated herein, the Court recommends that Van Durmen is not entitled to relief. To the extent that Petitioner seeks the adjudication of any substantive claim implicating the validity of his conviction any such claim must be dismissed for failure to exhaust. To the extent that Petitioner seeks relief based on the alleged delay in resolving his appeal in the state courts, the Court concludes that Petitioner's right to a speedy appeal has not been violated.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: December 15, 2005     /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge