UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY VAN DURMEN,

    Petitioner,

v                                                            Case No. 4:02 cv 184

KURT JONES,                                     Hon. Wendell A. Miles

    Respondent.

_____/

ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

       On December 15, 2005, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R & R") recommending that petitioner's application for writ of habeas corpus be dismissed. Specifically, the Magistrate Judge concluded as follows: (1) that any "substantive" claims raised by petitioner must be dismissed for lack of exhaustion, and (2) that petitioner's due process rights were not violated by the state trial court's delay in resolving petitioner's post-trial motions. Petitioner has filed timely objections to the R & R.

       The court, having reviewed the R & R together with the relevant portions of the file in this matter, and having reviewed petitioner's objections, agrees with the Magistrate Judge's conclusion that the petition must be dismissed for lack of exhaustion. However, the court concludes that because the petition must be dismissed for lack of exhaustion, the Magistrate Judge erred as a matter of law in addressing petitioner's due process/speedy trial claim on the merits.

On the face of his petition, petitioner concedes that he has not exhausted his state remedies; he argues that "exhaustion would be futile and is not required due to the particularity and uniqueness of this case[.]"  Petitioner argues that the state court's delay in resolving his post-trial motions in itself violates his due process rights, and that the only remedy for this violation is a writ granting him unconditional relief.  In fact, although petitioner contends that he has "numerous meritorious grounds for a new trial . . . each encompassing colorable federal constitutional claims that warrant reversal of his conviction[,]" Petitioner's Objections at 7,[1] petitioner has stated that he is not asking the court to decide any of those claims at this time.  Petition at 3, ¶ 5; Brief in Support (docket no. 3) at vi.  Instead, petitioner seeks unconditional relief based solely on the inordinate delay in resolving his post-trial motions.

In his objections to the R & R, petitioner argues that the Magistrate Judge erred in reaching the following conclusion:

> [T]o the extent that Petitioner seeks the adjudication of any substantive claim implicating the validity of his conviction any such claim must be dismissed for failure to exhaust.

R & R at 3.  Relying on Turner v. Bagley, 401 F.3d 718 (6th Cir. 2005), petitioner argues that he should be excused from seeking exhaustion.  This argument is presumably limited to petitioner's due process/delay claim, the only claim on which he seeks relief in the federal petition.

However, Turner is not on point here.  In Turner, the petitioner's state court appeal had been dismissed *before* he filed his federal petition.  The petitioner was therefore effectively without any remaining recourse in state court at the time he filed his federal habeas petition.  Id.

---

[1] These supposed federal constitutional claims apparently include 13 separate grounds listed by petitioner in his Brief in Support of Petition.  Docket no. 3, at 39-40

2

at 726.  According to the majority's opinion in Turner, even though petitioner's state court appeal had been reinstated after the federal petition had been filed, and his conviction had been subsequently affirmed,

> A *habeas* petitioner such as Turner who makes 'frequent but unavailing requests to have his appeal processed' in state court is 'not required to take further futile steps in state court in order to be heard in federal court,' even if the state court subsequently decides his appeal.

Id. at 726.  The panel in Turner therefore concluded that under the circumstances, the district court should have excused the exhaustion requirement.  Id. at 727.

Here, in contrast, as the Magistrate Judge noted, petitioner has never filed an appeal of his conviction in the Michigan Court of Appeals, although the time in which he may do so has not yet run.  The Magistrate Judge also observed that petitioner has never sought the assistance of the Michigan Court of Appeals or the Michigan Supreme Court in an attempt to obtain resolution of his motions pending in the trial court.[2]  Petitioner has objected to this conclusion; he argues that he is not required to seek any further relief in state court.  Petitioner's Objections at 11, ¶ 8.  However, although this court certainly cannot command petitioner to seek any further relief in the state courts, his failure to do so requires the dismissal of his petition for lack of exhaustion.

In his objections, petitioner also argues that the Magistrate Judge erred in concluding his right to a speedy trial or appeal had not been violated by the trial court's delay in ruling on his post-trial motions.  Petitioner proceeds to re-argue the merits of this claim on the grounds applied in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182 (1972) and United States v. Smith, 94 F.3d 204

---

[2]Petitioner has also conceded that he has even asked his state-appointed counsel "not to take any further action" on petitioner's behalf.  Brief in Support of Petition (docket no. 3), at 44 n.1.

3

(6th Cir. 1996). The Magistrate Judge addressed these grounds in the R & R, concluding that application of these factors warranted a determination that petitioner's due process rights were not violated by the delay.

However, the petitioner in Barker v. Wingo in fact raised his speedy trial claim in the state appellate court. 92 S.Ct. at 2186. Additionally, Smith involved a federal conviction and did not present an issue of exhaustion of state court remedies. "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, 1731 (1999). The exhaustion requirement is not excused simply because the petitioner has alleged violation of his right to a speedy trial, or, as in this case, a speedy re-trial. See Kane v. Virginia, 419 F.2d 1369, 1374 (4th Cir. 1970) (dismissal of state prisoner's habeas petition alleging denial of right to speedy trial affirmed, where prisoner had sought relief in the state trial courts but had failed to exhaust state remedies by seeking appellate review). Where the petitioner seeks not a trial but instead a dismissal of the charges against him, exhaustion is required. See Atkins v. People of the State of Michigan, 644 F.2d 543, 547 (6th Cir. 1981) (district court erred in applying prejudice criterion of Barker v. Wingo, where petitioner had not exhausted available state avenues in which he could raise claim that his speedy trial right had been violated); see also Moore v. Zant, 972 F.2d 318, 320 (11th Cir. 1992) (petitioner could assert speedy trial rights in federal court after exhausting state remedies).

Here, petitioner is not seeking a writ which would require the State of Michigan to provide him with a speedy second trial. Instead, he is demanding an unconditional release based on the state's alleged violation of his rights. Under the circumstances, he is required to exhaust

4

his remedies in state court. Because he concedes that he has not done so, his petition is subject to dismissal for lack of exhaustion.

Finally, petitioner has also objected to the Magistrate Judge's issuance of an R & R without ruling on his Motion for Summary Judgment (docket no. 32). However, petitioner is not entitled to entry of judgment in his favor. Because he has not exhausted his state remedies, dismissal without prejudice is the only proper course.[3] The Magistrate Judge therefore did not err in not addressing the merits of petitioner's Motion for Summary Judgment.

**Conclusion**

The Magistrate Judge correctly concluded that petitioner's claims are subject to dismissal for failure to exhaust. However, because the petition must be dismissed for lack of exhaustion, the Magistrate Judge erred in addressing the merits of petitioner's claim for relief based on the state court's delay in resolving petitioner's post-trial motions.

So ordered this 10th day of February, 2006.

   /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge

---

[3] Here, dismissal of the petition for lack of exhaustion, without consideration of the merits of the speedy trial claim, is not only the correct course of action but also prevents petitioner from being barred from asserting his other claims in a future petition. If this court were to address petitioner's speedy trial claim on the merits at this time, and petitioner were to subsequently exhaust his state remedies on his other claims, any subsequent request for federal relief might be subject to dismissal as a second or successive petition unless petitioner were to seek an order from the court of appeals as provided by Rule 9 of Rules Governing Section 2254 Cases.